# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JASMINE C. LEWIS,**
       **Plaintiff,**

    v.                                          Case No. 08-CV-01040

**CITY OF MILWAUKEE, et al.,**
       **Defendants.**

---

## DECISION AND ORDER

Plaintiff Jasmine Lewis brings this Title VII employment discrimination and retaliation action against the City of Milwaukee and several individual defendants. Several of the defendants now move for summary judgment. Plaintiff's complaint raises non-Title VII claims, but plaintiff does not discuss them in her brief opposing summary judgment and thus abandons them. Plaintiff makes no factual allegations against individual defendant Nicholas Claditis, so I will dismiss the claims against him as well. Plaintiff's claims against the other individual defendants also fail because Title VII only envisions suits against an "employer," Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995), and they are not plaintiff's employers. As a result, the only claims I will analyze in detail are plaintiff's Title VII claims against her employer, the City of Milwaukee.

### I. Background

The relevant facts are as follows: Lewis is an African-American woman, who started working as a police officer for the Milwaukee Police Department in 2001. In March 2004, plaintiff filed an internal complaint against Sergeant Tony Hendrix for sexual harassment. She then filed a similar complaint with the Equal Employment Opportunity Commission

("EEOC"). Both the police department and the EEOC investigated and then dismissed plaintiff's complaints. After she filed these complaints, plaintiff claims that several other police officers began to harass her. She alleges that officers stopped responding to her requests for back-up, refused to be her partner, called her a liar and a thief, and blamed her when anything went wrong. She also claims that someone in the police department who she cannot identify poisoned her drinking water with gasoline. In January 2005, she filed a second EEOC complaint alleging that she was being retaliated against for her earlier charge. From January 2005 until September 2006, plaintiff also filed several more internal complaints alleging race and gender discrimination and retaliation. The police department and the EEOC investigated and dismissed each of plaintiff's complaints.

Meanwhile, in October 2004, plaintiff asked to be placed on limited-duty administrative status for medical and psychological reasons, which means that she was taken off patrol duties and given administrative work instead. In July 2005, plaintiff was ordered to submit to a fitness for duty evaluation, and Dr. Nicholas Claditis found that she was still not fit for full duty. As a result, she remained on limited-duty administrative status. In August 2006, plaintiff was ordered to submit to a second fitness for duty evaluation, this time with Dr. Timothy Tyre. Dr. Tyre concluded at that time that she was fit to resume her patrol duties, so plaintiff returned to full-duty status on September 6, 2006.

In the month that followed plaintiff's return to full-duty status, the City of Milwaukee claims that it again became concerned about plaintiff's fitness for duty. Plaintiff filed a police report that claimed that she was being stalked by unknown individuals at places like her son's school and a local Footlocker store, other officers complained that plaintiff was behaving erratically, and her neighbor filed a lengthy police report accusing plaintiff of

harassing his family. Plaintiff argues that the officers who complained about her were biased against her because they were actually responding to complaints plaintiff had initiated against them. She also claims that her neighbor, who she believes is a drug dealer, was upset because she had witnessed and reported his criminal activity.

On October 7, 2006, the City of Milwaukee placed plaintiff on administrative suspension pending another evaluation for fitness for duty. On January 24, 2007, Dr. Donald Feinsilver assessed plaintiff and concluded that she was not fit for active police duty. He believed that psychiatric treatment could help, and he recommended that plaintiff be given six months unpaid medical leave. After six months, Dr. Feinsilver recommended re-assessing plaintiff to see if she was ready to return to work. There is no evidence that plaintiff ever sought treatment after being placed on medical leave. Instead, she filed a third EEOC charge alleging that she had been suspended without pay in retaliation for filing discrimination complaints. Subsequently, on August 2, 2007, plaintiff voluntarily retired from the police department and applied to receive disability benefits. Her application was granted, and she received disability benefits for at least three years thereafter.

## II. Discussion

Summary judgment is required if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Title VII makes it illegal for an employer to discharge any individual or "otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). It is also unlawful for an employer to retaliate against an employee

3

who has complained about discrimination. Id. § 2000e-3(a). Plaintiff bears the burden of proving that her employer took an adverse employment action against her "because of" her race or sex, or because she complained about discrimination. She can prove her case using either direct or indirect evidence. Farr v. St. Francis Hosp. & Health Ctrs., 570 F.3d 829, 832–33 (7th Cir. 2009).

Direct evidence is evidence that itself indicates that an adverse employment action was discriminatory or retaliatory, such as a statement made about plaintiff by her employer. Id. at 832. Indirect evidence is evidence that establishes a prima facie case of discrimination or retaliation. To establish a prima facie case for discrimination, plaintiff must prove that: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) similarly situated individuals outside the protected class were treated more favorably. Id. at 833. The test for a prima facie case for retaliation is similar, plaintiff must prove that: (1) she engaged in a statutorily protected activity; (2) she was meeting her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) similarly situated individuals who did not engage in a protected activity were treated more favorably. Keeton v. Morningstar, Inc., 667 F.3d 877, 885 (7th Cir. 2012).

First, there is no direct or indirect evidence that the City of Milwaukee discriminated against plaintiff. There is no direct evidence of discrimination because plaintiff admits in her deposition that none of her co-workers ever made derogatory comments about her race or gender, or otherwise indicated that they disliked her because of her membership in a protected class. There is also no indirect evidence of discrimination. While plaintiff is a member of a protected class and she alleges that she suffered an adverse employment

action when she was harassed and then suspended without pay, she does not offer any evidence that similarly situated individuals, who were not African American or female, were treated more favorably. Plaintiff's case cannot survive without some proof that the alleged actions were taken against her because of her race or gender.

Second, there is no direct or indirect evidence that the City of Milwaukee retaliated against plaintiff for filing discrimination complaints. Plaintiff argues that the short time period between her being cleared to return to full duty and her suspension is direct evidence that her suspension was retaliatory. While "suspicious timing" can be evidence of retaliation, Farr, 570 F.3d at 832, the timing of plaintiff's suspension is not suspicious. Plaintiff was working for the police department in an administrative capacity before she returned to full-duty status, and she was continuously filing discrimination and retaliation complaints from March 2004 until October 2006. Therefore, the fact that the police department suspended her in October 2006 does not indicate that her suspension was retaliatory. The police department's decision to suspend plaintiff was also confirmed by Dr. Feinsilver's January 2007 report that found plaintiff unfit for duty, and there is no evidence that Dr. Feinsilver's report is untrustworthy. The only other doctor who examined plaintiff was Dr. Tyre, who only assessed plaintiff in August 2006. Finally, there is no indirect evidence that plaintiff was retaliated against because there is no evidence that similarly situated individuals who did not complain about discrimination were treated more favorably. As a result, the City of Milwaukee is entitled to summary judgment.

### III. Conclusion

**THEREFORE, IT IS ORDERED** that defendants' motion for summary judgment [DOCKET #49] is **GRANTED**. Summary judgment is entered in favor of all of the defendants.

Dated at Milwaukee, Wisconsin, this 8th day of March, 2012.

s/_____
LYNN ADELMAN
District Judge